Justice THOMAS, concurring.
I join the Court's opinion because it faithfully applies our precedents interpreting 29 U.S.C. § 1144, the express pre-emption provision of the Employee Retirement Income Security Act of 1974 (ERISA). I write separately because I have come to doubt whether § 1144 is a valid exercise of congressional power and whether our approach to ERISA pre-emption is consistent with our broader pre-emption jurisprudence.
I
Section 1144 contains what may be the most expansive express pre-emption provision in any federal statute. Section 1144(a) states: "Except as provided" in § 1144(b) ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Under the ordinary meaning of the phrase "relate to," § 1144(a) pre-empts all state laws that " 'stand in some relation' " to, " 'have bearing or concern' " on, " 'pertain' " to, " 'refer' " to, or " 'bring into association with or connection with' " an ERISA plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97, n. 16, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (quoting Black's Law Dictionary 1158 (5th ed. 1979)). And § 1144(b) seemingly acknowledges how broadly § 1144(a) extends by excepting "generally applicable criminal law [s]" and state laws "regulat[ing] insurance, banking, or securities"-but not generally applicable civil laws-from pre-emption. §§ 1144(b)(2)(A), (b)(4). Section 1144, in sum, "is clearly expansive"-so much so that "one might be excused for wondering, at first blush, whether the words of limitation ('insofar as they ... relate') do much limiting." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).
Read according to its plain terms, § 1144 raises constitutional concerns.
*948 "[T]he Supremacy Clause gives 'supreme' status only to those [federal laws] that are 'made in Pursuance' " of the Constitution. Wyeth v. Levine, 555 U.S. 555, 585, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009) (THOMAS, J., concurring in judgment) (quoting Art. VI, cl. 2). But I question whether any provision of Article I authorizes Congress to prohibit States from applying a host of generally applicable civil laws to ERISA plans. "The Constitution requires a distinction between what is truly national and what is truly local." United States v. Morrison, 529 U.S. 598, 617-618, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). If the Federal Government were "to take over the regulation of entire areas of traditional state concern," including "areas having nothing to do with the regulation of commercial activities," then "the boundaries between the spheres of federal and state authority would blur and political responsibility would become illusory." United States v. Lopez, 514 U.S. 549, 577, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (KENNEDY, J., concurring). Just because Congress can regulate some aspects of ERISA plans pursuant to the Commerce Clause does not mean that Congress can exempt ERISA plans from state regulations that have nothing to do with interstate commerce. See Gonzales v. Raich, 545 U.S. 1, 59-60, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (THOMAS, J., dissenting).
II
This Court used to interpret § 1144 according to its text. But we became uncomfortable with how much state law § 1144 would pre-empt if read literally. "If 'relate to' were taken to extend to the furthest stretch of its indeterminacy," we explained, "then for all practical purposes pre-emption would never run its course." Travelers, supra, at 655, 115 S.Ct. 1671.
Rather than addressing the constitutionality of § 1144, we abandoned efforts to give its text its ordinary meaning. In Travelers, we adopted atextual but what we thought to be "workable" standards to construe § 1144. Ante, at 943. Thus, to determine whether a state law impermissibly "relates to" an ERISA plan due to some "connection with" that plan, we now "look both to the objectives of the ERISA statute ... as well as to the nature of the effect of the state law on ERISA plans." Egelhoff v. Egelhoff, 532 U.S. 141, 147, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001) (citing Travelers ; internal quotation marks omitted).
We decided Travelers in 1995. I joined that opinion and have joined others applying the approach we adopted in Travelers . But our interpretation of ERISA's express pre-emption provision has become increasingly difficult to reconcile with our pre-emption jurisprudence. Travelers departed from the statutory text, deeming it "unhelpful." 514 U.S., at 656, 115 S.Ct. 1671. But, in other cases involving express pre-emption provisions, the text has been the beginning and often the end of our analysis. E.g., Chamber of Commerce of United States of America v. Whiting, 563 U.S. 582, 594, 131 S.Ct. 1968, 179 L.Ed.2d 1031 (2011) (" 'focus[ing] on the plain wording' " to define the scope of the Immigration Reform and Control Act's express pre-emption clause); see also National Meat Assn. v. Harris, 565 U.S. ----, ----, ---- - ----, 132 S.Ct. 965, 969-970, 970-973, 181 L.Ed.2d 950 (2012) (parsing the text to determine the scope of the Federal Meat Inspection Act's express pre-emption clause). We have likewise refused to look to policy limits that are not "remotely discernible in the statutory text." Whiting, supra, at 599, 131 S.Ct. 1968. We have not given a sound basis for departing from these principles and treating *949 § 1144 differently from other express pre-emption provisions.
Travelers' approach to ERISA pre-emption also does not avoid constitutional concerns. We have continued to interpret § 1144 as pre-empting "substantial areas of traditional state regulation" and "pre-empt[ing] a state law ... even if the state law exercises a traditional state power." Ante, at 946 (internal quotation marks omitted). Until we confront whether Congress had the constitutional authority to pre-empt such a wide array of state laws in the first place, the Court-and lower courts-will continue to struggle to apply § 1144. It behooves us to address whether Article I gives Congress such power and whether § 1144 may permissibly be read to avoid unconstitutional results.